UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02816

**Victor Benitez Benitez,**
*Petitioner,*
v.
**Markwayne Mullin, et al.,**
*Respondents.*

## ORDER

Victor Benitez Benitez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about 2001, according to Petitioner. Petitioner was previously arrested for domestic violence causing bodily injury in October 2013 and detained for five months. Those charges were dismissed pursuant to a deferred prosecution agreement. Petitioner was detained by immigration officials on August 25, 2026, and sent to the T. Don Hutto Detention Center in Taylor, Texas.

On October 5, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be

granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act ("APA"), implementing regulations, the

Immigration and Nationality Act ("INA"), and the Suspension Clause. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's APA, INA, and Suspension Clause arguments fare no better for the reasons set forth in Parts I and III-IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. To the extent Petitioner argues that his detention violates implementing

regulations, his argument falls short because "the Fifth Circuit has confirmed that the failure of officials to follow their own policies, without more, does not constitute a violation of due process, making a writ of habeas corpus generally not available." *Id*. (internal quotation marks and citations omitted). And "[i]nsofar as Petitioner is challenging the non-enforcement of certain regulations, those regulations contravene the plain text of [8 U.S.C. § 1225(b)(2)(A).]" *Id.* at 727.

Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722. And Petitioner's suspension clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through petitions for writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 23, 2026.*

ANDREW DAVIS
United States District Judge